Ben A. Kaplan
**CHULSKY KAPLAN LLC**
280 Prospect Ave. 6G
Hackensack, NJ 07601
Phone: (877) 827-3395 ex 102
Cell Phone: (201) 803-6611
Fax: (877) 827-3394
ben@chulskykaplanlaw.com
Attorneys for Plaintiff(s)

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| WILLIAM ARROYO, on behalf of himself and all others similarly situated,<br><br>   Plaintiff(s),<br><br>-against-<br><br>STONELEIGH RECOVERY ASSOCIATES, LLC; BUREAUS INVESTMENT GROUP PORTFOLIO NO 15, LLC and JOHN DOES 1-25,<br><br>   Defendant(s). | Civil Case Number: _____<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT<br>AND<br>DEMAND FOR JURY TRIAL** |

**LOCAL CIVIL RULE 10.1 STATEMENT**

1. The mailing addresses of the parties to this action are:

   WILLIAM ARROYO
   83 May Street
   Hawthorne, NJ 07506

   STONELEIGH RECOVERY ASSOCIATES, LLC
   810 Springer Drive
   Lombard, Illinois 60148

   BUREAUS INVESTMENT GROUP PORTFOLIO NO 15, LLC
   650 Dundee Road, Suite 370
   Northbrook, Illinois 60062

## PRELIMINARY STATEMENT

2. Plaintiff on behalf of himself and all others similarly situated ("Plaintiff"), by and through his attorneys, alleges that Defendants, STONELEIGH RECOVERY ASSOCIATES, LLC ("STONELEIGH"); BUREAUS INVESTMENT GROUP PORTFOLIO NO 15, LLC ("BUREAUS INVESTMENT GROUP") and JOHN DOES 1-25 their employees, agents and successors (collectively "Defendants") violated 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. This is an action for violations of 15 U.S.C. § 1692 *et seq.*

4. Venue is proper in this district under 28 U.S.C. §1391(b) and 15 U.S.C. § 1692k(d) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district.

## DEFINITIONS

5. As used in this complaint, the terms "creditor," "consumer," "debt" and "debt collector" are defined at 15 U.S.C. § 1692a.

## PARTIES

6. Plaintiff is a natural person, a resident of Passaic County, New Jersey and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7. STONELEIGH maintains a location at 810 Springer Drive, Lombard, Illinois 60148.

8. BUREAUS INVESTMENT GROUP maintains a location at 650 Dundee Road, Suite 370, Northbrook, Illinois 60062.

9. STONELEIGH uses the instrumentalities of interstate commerce or the mails to engage in the principal business of collecting debt and/or to regularly engage in the collection or attempt to collect debt asserted to be due or owed to another.

10. BUREAUS INVESTMENT GROUP uses the instrumentalities of interstate commerce or the mails to engage in the principal business of collecting debt and/or to regularly engage in the collection or attempt to collect debt asserted to be due or owed to another.

11. STONELEIGH is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

12. BUREAUS INVESTMENT GROUP is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

13. John Does 1-25, are currently unknown Defendants whose identities will be obtained in discovery and at that time will be made parties to this action pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP"); Rule 15, Rule 20 and Rule 21. Plaintiff's claims against the currently unknown Defendants arise out of the same transaction, occurrence or series of transactions arising from known Defendants' actions and are due to common questions of law and fact whose joinder will promote litigation and judicial efficiency.

## CLASS ACTION ALLEGATIONS

14. Plaintiff brings this action as a state-wide class action, pursuant to Rule 23 of the FRCP, on behalf of himself and all New Jersey consumers and their successors in interest (the "Class"), who were sent debt collection letters and/or notices from the Defendant, in violation of the FDCPA, as described in this Complaint.

15. This Action is properly maintained as a class action. The Class is initially defined as:

> All New Jersey consumers who were sent letters and/or notices from STONELEIGH concerning a debt owned by BUREAUS INVESTMENT GROUP, which originated with CAPITAL ONE, N.A. and which included the alleged conduct and practices described herein.
>
> The class definition may be subsequently modified or refined. The Class period begins one year prior to the filing of this Action.

16. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

    a. <u>Numerosity:</u> The Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendant(s) that violate specific provisions of the FDCPA. Plaintiff is complaining about a standard form letter and/or notice that was sent to at least fifty (50) persons (*See* **Exhibit A**). The undersigned has, in accordance with FRCP Rule 5.2, redacted the financial account numbers and/or personal identifiers in said letter.

    b. <u>Commonality:</u> There are questions of law and fact common to the class members which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

      i. Whether the Defendants violated various provisions of the FDCPA as set forth herein:

      ii. Whether Plaintiff and the Class have been injured by the Defendants' conduct;

      iii. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

      iv. Whether Plaintiff and the Class are entitled to declaratory relief.

c. <u>Typicality</u>: Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

d. <u>Adequacy of Representation:</u> Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class. Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

17. A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates no unusual difficulties in the management of this class action.

18. A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to

seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as damages.

19. Defendant(s) have acted on grounds generally applicable to the entire Class, thereby making appropriate final relief with respect to the Class as a whole.

## STATEMENT OF FACTS

20. Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

21. At some time prior to April 18, 2018, Plaintiff allegedly incurred a financial obligation to CAPITAL ONE, N.A. ("CAPITAL ONE").

22. The CAPITAL ONE, N.A. obligation is an open end loan as defined at N.J.S.A. 17:11C-2 and/or retail charge account as defined at N.J.S.A. 17:16C-1 *et seq.*

23. The CAPITAL ONE obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

24. Plaintiff incurred the CAPITAL ONE obligation by obtaining goods and services which were primarily for personal, family and household purposes.

25. The CAPITAL ONE obligation did not arise out of a transaction that was for non-personal use.

26. The CAPITAL ONE obligation did not arise out of a transaction that was for business use.

27. The CAPITAL ONE obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

28. CAPITAL ONE is a "creditor" as defined by 15 U.S.C. § 1692a(4).

29. At some time prior to April 18, 2018, the CAPITAL ONE obligation was purchased by and/or sold to BUREAUS INVESTMENT GROUP.

30. At the time the CAPITAL ONE obligation was purchased by and/or sold to BUREAUS INVESTMENT GROUP, the obligation was in default.

31. The principal purpose of BUREAUS INVESTMENT GROUP is the collection of debts which are in default at the time it purchases the debts.

32. BUREAUS INVESTMENT GROUP has obtained a license and/or has registered as a collection agency and/or as a debt collector with at least one State and/or State department or agency within the United States within the relevant period.

33. BUREAUS INVESTMENT GROUP did not obtain a license from the New Jersey Department of Banking and Insurance prior to purchasing the obligation as required by law. See *Veras v. LVNV Funding, LLC*, 2014 U.S. Dist. LEXIS 34176 (D.N.J. Mar. 17, 2014); *Lopez v. Law Offices of Faloni & Associates*, 2016 U.S. Dist. LEXIS 124730 (D.N.J. Sept. 14, 2016); *Latteri v. Mayer*, 2018 U.S. Dist. LEXIS 85926 (D.N.J. May 22, 2018); and *New Century Fin. v. Trewin*, 2018 N.J. Super. Unpub. LEXIS 1688 (May 24, 2018).

34. On or before April 18, 2018, BUREAUS INVESTMENT GROUP referred the CAPITAL ONE obligation to STONELEIGH for the purpose of collections.

35. At the time the CAPITAL ONE obligation was referred to STONELEIGH the CAPITAL ONE obligation was past due.

36. At the time the CAPITAL ONE obligation was referred to STONELEIGH the CAPITAL ONE obligation was in default pursuant to the terms of the agreement creating the obligation and/or by operation of law.

37. Defendants caused to be delivered to Plaintiff a letter dated April 18, 2018, which was addressed to Plaintiff. A copy of said letter is annexed hereto as **Exhibit A**, which is fully incorporated herein by reference.

38. BUREAUS INVESTMENT GROUP did not obtain a license from the New Jersey Department of Banking and Insurance prior to authorizing and/or causing STONELEIGH to send its January 18, 2018 letter as required by law. See *Veras v. LVNV Funding, LLC*, 2014 U.S. Dist. LEXIS 34176 (D.N.J. Mar. 17, 2014); *Lopez v. Law Offices of Faloni & Associates*, 2016 U.S. Dist. LEXIS 124730 (D.N.J. Sept. 14, 2016); *Latteri v. Mayer*, 2018 U.S. Dist. LEXIS 85926; and *New Century Fin. v. Trewin*, 2018 N.J. Super. Unpub. LEXIS 1688.

39. The April 18, 2018 letter was sent to Plaintiff in connection with the collection of the CAPITAL ONE obligation.

40. The April 18, 2018 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

41. The April 18, 2018 letter is the initial written communication sent from Defendant to the Plaintiff.

42. Upon receipt, Plaintiff read the April 18, 2018 letter.

43. The April 18, 2018 letter provides the following information regarding the balance claimed due on the CAPITAL ONE obligation:

Account Balance: $517.94

44. The April 18, 2018 letter did not itemize or breakdown the amount of the debt by principal, interest, fees and other charges.

45. The outstanding balance claimed to be due by Defendants on the CAPITAL ONE obligation as of April 18, 2018 included an amount for interest, fees and/or other charges.

46. The April 18, 2018 letter did not inform Plaintiff that the amount of the debt included an amount for interest.

47. The April 18, 2018 letter did not inform Plaintiff that the amount of the debt included an amount for costs and/or fees.

48. BUREAUS INVESTMENT GROUP is a consumer lender as defined at N.J.S.A. 17:11C-2 *et seq.*

49. BUREAUS INVESTMENT GROUP is in the business of buying, discounting or endorsing notes, or of furnishing, or procuring guarantee or security for compensation in amount of $50,000 or less.

50. BUREAUS INVESTMENT GROUP is a sales finance company as defined at N.J.S.A. 17:11C-2 and N.J.S.A. 17:16C-1 *et seq.*

51. The obligation is an open end loan as defined at N.J.S.A. 17:11C-2 and/or retail charge account as defined at N.J.S.A. 17:16C-1 *et seq.*

52. Alternatively, the obligation is a consumer loan as defined at N.J.S.A. 17:11C-2.

53. BUREAUS INVESTMENT GROUP engages in the consumer loan business as defined at N.J.S.A. 17:11C-2.

54. BUREAUS INVESTMENT GROUP engages in the business of purchasing defaulted consumer notes, defaulted consumer loans and/or defaulted retail charge accounts.

55. STONELEIGH has obtained a license and/or has registered as a collection agency and/or as a debt collector with at least one State and/or State department or agency within the relevant period.

56. At all times relevant to this matter, STONELEIGH did not obtain a license as a consumer lender or a sales finance company issued by the New Jersey Department of Banking and Insurance.

57. At all times relevant to this matter, STONELEIGH did not obtain a license under authority of the New Jersey Consumer Finance Licensing Act.

58. At all times relevant to this matter, STONELEIGH did not obtain a license issued by the New Jersey Department of Banking and Insurance.

59. At all times relevant to this matter, STONELEIGH did not obtain a license under authority of the New Jersey Consumer Finance Licensing Act authorizing it to make consumer loans, or to buy, discount or endorse notes (loans), or to receive interest.

60. At all times relevant to this matter, BUREAUS INVESTMENT GROUP has not held a license under authority of the New Jersey Consumer Finance Licensing Act.

61. At all times relevant to this matter, BUREAUS INVESTMENT GROUP has not held a license issued by the New Jersey Department of Banking and Insurance.

62. At all times relevant to this matter, BUREAUS INVESTMENT GROUP has not held a license under authority of the New Jersey Consumer Finance Licensing Act authorizing it to make consumer loans, or to buy, discount or endorse notes (loans), or to receive interest.

63. At no time was STONELEIGH authorized to charge or add interest to Plaintiff's account.

64. At no time was STONELEIGH authorized to collect interest on Plaintiff's account.

65. At no time was STONELEIGH authorized to collect on Plaintiff's account.

66. At no time was BUREAUS INVESTMENT GROUP authorized to charge or add interest to Plaintiff's account.

67. At no time was BUREAUS INVESTMENT GROUP authorized to collect interest on Plaintiff's account.

68. At no time was BUREAUS INVESTMENT GROUP authorized to collect on Plaintiff's account.

69. As STONELEIGH did not obtain the appropriate license under the New Jersey Consumer Finance Licensing Act during the time relevant to this matter, it was prohibited from attempting to collect on the CAPITAL ONE obligation.

70. As STONELEIGH did not obtain the appropriate license issued by the New Jersey Department of Banking and Insurance during the time relevant to this matter, it was prohibited from attempting to collect on the CAPITAL ONE, N.A. obligation.

71. As BUREAUS INVESTMENT GROUP did not obtain the appropriate license under the New Jersey Consumer Finance Licensing Act during the time relevant to this matter, it was prohibited from attempting to collect on the CAPITAL ONE obligation.

72. As BUREAUS INVESTMENT GROUP did not obtain the appropriate license issued by the New Jersey Department of Banking and Insurance at all relevant to this matter, it was prohibited from attempting to collect on the CAPITAL ONE, N.A. obligation.

73. As BUREAUS INVESTMENT GROUP did not obtain the appropriate license under the New Jersey Consumer Finance Licensing Act at all times prior to May 8, 2018, STONELEIGH was prohibited from attempting to collect on the CAPITAL ONE, N.A. obligation.

74. As BUREAUS INVESTMENT GROUP did not obtain the appropriate license issued by the New Jersey Department of Banking and Insurance at all times prior to May 8, 2018, STONELEIGH was prohibited from attempting to collect on the CAPITAL ONE, N.A. obligation.

75. STONELEIGH knew or should have known that its actions violated the FDCPA.

76. BUREAUS INVESTMENT GROUP knew or should have known that its actions violated the FDCPA.

77. Defendants could have taken the steps necessary to bring their actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## POLICIES AND PRACTICES COMPLAINED OF

78. It is Defendants' policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

  (a) Using false, deceptive or misleading representations or means in connection with the collection of a debt; and

  (b) Threatening to take any action that cannot legally be taken or that is not intended to be taken;

  (c) Using unfair or unconscionable means to collect or attempt to collect any debt; and

  (d) Making a false representation of the character or amount of the debt.

79. Defendants have sent written communications in the form annexed hereto as **Exhibit A**, to at least 50 natural persons in the state of New Jersey within one year of this Complaint.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq.* VIOLATIONS

80. Plaintiff, on behalf of himself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

81. Collection letters and/or notices, such as those sent by Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

82. The form, layout and content of Defendant's letter would cause the least sophisticated consumer to be confused about his or her rights.

83. The form, layout and content of Defendant's letter would mislead the least sophisticated consumer to believe that Defendants could legally attempt to collect the debt.

84. The form, layout and content of Defendant's letter would cause the least sophisticated consumer to be confused as to whether the balance could and/or would increase.

85. The form, layout and content of Defendant's letter would cause the least sophisticated consumer to be confused as to whether the balance included an amount for interest.

86. The form, layout and content of Defendant's letter would cause the least sophisticated consumer to be confused as to whether the balance included an amount for costs and/or fees.

87. The form, layout and content of Defendant's letter would cause the least sophisticated consumer to believe that Defendants had the legal ability to attempt to collect the debt and that Defendants had acquired the appropriate licenses or had otherwise complied with New Jersey regulations.

88. A violation of New Jersey laws, despite no private cause of action, can form the basis of a violation of the FDCPA. See *Chulsky v. Hudson Law Offices, P.C.*, 777 F.Supp.2d 823 (D.N.J. 2011).

89. Defendants' attempt to collect the alleged debt without first obtaining the license(s) necessary under New Jersey law violated various provisions of the FDCPA including but not limited to: 15 U.S.C. § 1692e; § 1692e(2)(A); § 1692e(5); § 1692e(10); and § 1692f *et seq*.

90. Defendants violated 15 U.S.C. § 1692e of the FDCPA by using any false, deceptive or misleading representation or means in connection with their attempts to collect debts from Plaintiff and others similarly situated.

91. Defendants violated 15 U.S.C. § 1692e of the FDCPA in connection with their communications to Plaintiff and others similarly situated.

92. Defendants violated 15 U.S.C. § 1692e of the FDCPA by falsely implying that they had the right or legal authority to collect debts from Plaintiff and others similarly situated.

93. Defendants violated 15 U.S.C. § 1692e of the FDCPA by not disclosing that the amount allegedly due on the CAPITAL ONE obligation included an amount for interest and an amount for costs and/or fees.

94. 15 U.S.C. § 1692e(2)(A) of the FDCPA prohibits a debt collector from making a false representation of the character, amount or legal status of a debt.

95. Defendants violated 15 U.S.C. § 1692e(2)(A) by including an amount for interest in the balance stated in the April 18, 2018 letter.

96. Defendants violated 15 U.S.C. § 1692e(2)(A) by including an amount for costs and/or fees in the balance stated in the April 18, 2018 letter.

97. Defendants violated 15 U.S.C. § 1692e(2)(A) by making false representations of the character, amount or legal status of a debt.

98. Defendants violated 15 U.S.C. § 1692e(2)(A) as Defendants were prohibited from charging or collecting interest under the New Jersey Consumer Finance Licensing Act.

99. Defendants violated 15 U.S.C. § 1692e(2)(A) as Defendants were prohibited from collecting on the CAPITAL ONE obligation because they failed to comply with the New Jersey Consumer Finance Licensing Act.

100. 15 U.S.C. § 1692e(5) of the FDCPA prohibits a debt collector from threatening to take any action that cannot legally be taken or that is not intended to be taken.

101. Defendants violated 15 U.S.C. § 1692e(5) by attempting to collect the alleged debt without first obtaining the license(s) necessary under New Jersey law.

102. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

103. Defendants violated 15 U.S.C. § 1692e(10) by attempting to collect the alleged debt without first obtaining the license(s) necessary under New Jersey law.

104. 15 U.S.C. § 1692f *et seq.* of the FDCPA prohibits a debt collector from using unfair or unconscionable means to collect or attempt to collect any debt.

105. Defendants violated 15 U.S.C. § 1692f *et seq.* of the FDCPA by attempting to collect interest, which it is not authorized or permitted by law to charge or collect.

106. Defendants should be disgorged of all money collected from members of the class during the relevant period as ill-gotten gains.

107. Defendant STONELEIGH is vicariously liable for any violations of the FDCPA that BUREAUS INVESTMENT GROUP committed as described herein.

108. Defendant BUREAUS INVESTMENT GROUP is vicariously liable for any violations of the FDCPA that STONELEIGH committed as described herein. See *Fox v. Citicorp Credit Services, Inc.*, 15 F.3d 1507 (9th Cir. 1994); *Pollice v. National Tax Funding, L.P.*, 225 F.3d 379 (3d Cir. 2000).

109. Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

110. Plaintiff and others similarly situated have a right to be free from abusive debt collection practices by debt collectors.

111. Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

112. Plaintiff and others similarly situated were sent letters, which could have affected their decision-making with regard to the debt.

113. Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

114. Plaintiff has suffered damages and other harm as a direct result of Defendants actions, conduct, omissions and violations of the FDCPA described herein.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and his attorneys as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages, including but not limited to a disgorgement of all money collected during the relevant period;

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest.

(f) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: July 27, 2018

Respectfully submitted,

By: /s/ *Ben A. Kaplan*
Ben A. Kaplan, Esq. (NJ 037712008)
CHULSKY KAPLAN, LLC
280 Prospect Avenue, 6G
Hackensack, New Jersey 07601
Phone (877) 827-3395 ex 102
Cell Phone: (201) 803-6611
Fax: (877) 827-3394
ben@chulskykaplanlaw.com
Attorneys for Plaintiff

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, hereby certify that the matter in controversy is not the subject of any other court, arbitration or administrative proceeding.

Dated: July 27, 2018

/s/ *Ben A. Kaplan*
Ben A. Kaplan, Esq. (NJ 037712008)
CHULSKY KAPLAN, LLC
280 Prospect Avenue, 6G
Hackensack, New Jersey 07601
Phone (877) 827-3395 ex 102
Cell Phone: (201) 803-6611
Fax: (877) 827-3394
ben@chulskykaplanlaw.com
Attorneys for Plaintiff

# EXHIBIT A

PO BOX 1118
Charlotte, NC 28201-1118
*Personal & Confidential*


**STONELEIGH**
Recovery Associates
*Helping you make a better tomorrow. TODAY!*

PO Box 1479 Lombard, IL 60148-8479 • Toll Free: 866-724-2330
Monday-Thursday 8AM-8PM (CST) • Friday 8AM-5PM (CST)



April 18, 2018

WILLIAM ARROYO
83 MAY ST
HAWTHORNE, NJ 07506-2616

| | |
|---|---|
| Original Creditor: | CAPITAL ONE, N.A. |
| Orig. Acct. Last Four Digits: | 6500 |
| Current Creditor: | BUREAUS INVESTMENT GROUP PORTFOLIO NO 15 LLC |
| SRA File No.: | 1359 |
| Account Balance: | $517.94 |

Dear William Arroyo:

We would like to take this opportunity to inform you that BUREAUS INVESTMENT GROUP PORTFOLIO NO 15 LLC has purchased your account from CAPITAL ONE, N.A.. BUREAUS INVESTMENT GROUP PORTFOLIO NO 15 LLC has referred your delinquent account of $517.94 to this agency for collection.

This notice has been sent by a collection agency. This is an attempt to collect a debt. Any information obtained will be used for that purpose. Unless you notify this office within thirty (30) days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within thirty (30) days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

If you have any questions or for further information, write the undersigned or call toll-free at 866-724-2330 Monday through Thursday between 8:00 AM and 8:00 PM (CST) or Friday between 8:00 AM and 5:00 PM (CST).

Regards,
Stoneleigh Recovery Associates, LLC

---

This is an attempt to collect a debt; any information obtained will be used for that purpose.
This letter has been sent by a debt collector.

• Please Detach And Return in The Enclosed Envelope With Your Payment •

WILLIAM ARROYO
83 MAY ST
HAWTHORNE, NJ 07506-2616

| | |
|---|---|
| Original Creditor: | CAPITAL ONE, N.A. |
| Orig. Acct. Last Four Digits: | 6500 |
| Current Creditor: | BUREAUS INVESTMENT GROUP PORTFOLIO NO 15 LLC |
| SRA File No.: | 5351359 |
| Account Balance: | $517.94 |
| Enclosed Amount: | |

**Change of Address Notification**

| Address | | Apt# |
|---|---|---|
| City | State | Zip |
| Home Phone ( ) - | Business Phone ( ) - | |

Stoneleigh Recovery Associates, LLC
PO Box 1479
Lombard, IL 60148-8479

80001
STONELEIGH.WFD
00000305
801089
Page 1 of 1

JS 44 (Rev. 07/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
ARROYO WILLIAM

**DEFENDANTS**
STONELEIGH RECOVERY ASSOCIATES, LLC; BUREAUS INVESTMENT GROUP PORTFOLIO NO 15, LLC; JOHN DOES 1-25

**(b)** County of Residence of First Listed Plaintiff: Passaic County, NJ
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, Email and Telephone Number)*
Chulsky Kaplan LLC, 280 Prospect Ave. 6G Hackensack, NJ 07601
ben@chulskykaplanlaw.com (877) 827-3395 ex 102; Ben Kaplan, Esq.
Glen Chulsky, Esq.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | **LABOR** | ☐ 840 Trademark | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | | ☐ 861 HIA (1395ff) | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☒ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
15 USC 1692
Brief description of cause:
FDCPA violation

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
DEMAND $ _____
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____   DOCKET NUMBER _____

DATE: 07/27/2018
SIGNATURE OF ATTORNEY OF RECORD: /s/ Ben Kaplan

**FOR OFFICE USE ONLY**
RECEIPT # ____   AMOUNT ____   APPLYING IFP ____   JUDGE ____   MAG. JUDGE ____